UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

TERRY HAND,

    Plaintiff,

v.                                                    Case No.    2:17-cv-2061

KUMAR TRANSPORTATION, INC.
d/b/a METRO/ADVANTAGE CAB COMPANY,
RAVI PATEL and JATIN KUMAR,

    Defendants.

_____

## COMPLAINT UNDER THE FLSA
_____

Plaintiff Terry Hand, through his attorneys, brings this action against Defendants Kumar Transportation, Inc. d/b/a Metro/Advantage Cab Company, Ravi Patel and Jatin Kumar under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for failure to pay overtime compensation.

## I. JURISDICTION

1.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

## II. FACTS

### A. Parties

2.    Plaintiff Terry Hand is an adult resident of Memphis, Tennessee. During the applicable statutory period, Plaintiff worked for Defendants as a mechanic.

3.    Defendant Kumar Transportation, Inc. d/b/a Metro/Advantage Cab Company ("Metro Cab") is a for profit corporation formed and organized under Tennessee state law and

currently conducting business as a taxi and transportation company at 2240 Deadrick Avenue, Memphis, TN 38114. At all relevant times herein, Defendant Metro Cab was an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Defendant Metro Cab is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

5. Defendant Metro Cab is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. Specifically, Defendant Metro Cab has annual sales of not less than $500,000.

6. Defendant Jatin Kumar is the previous owner/operator of Metro Cab. At all times herein, Defendant Jatin Kumar has been the employer of Plaintiff under the meaning of 29 U.S.C. § 203(d), since he has acted directly in the interest of Defendant Metro Cab in relation to establishing the terms and compensation of Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff at the required overtime rates. Defendant Jatin Kumar is a resident of Memphis, Tennessee.

7. Defendant Ravi Patel is the current owner/operator of Metro Cab. At all times herein, Defendant Ravi Patel has been the employer of Plaintiff under the meaning of 29 U.S.C.

§ 203(d), since he has acted directly in the interest of Defendant Metro Cab in relation to establishing the terms and compensation of Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff at the required overtime rates. Defendant Ravi Patel is a resident of Memphis, Tennessee.

**B. Factual Allegations**

8. Plaintiff was employed by Defendants during the applicable statutory period. Plaintiff Hand was employed by Defendants from approximately march 2012 to August 5, 2016.

9. The FLSA requires covered employers, such as Defendants, to compensate non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week. During the applicable statutory period, Defendants suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

10. Plaintiff kept track of his time on a daily basis with Defendants' time clock. The time clock records the time Plaintiff clocks in and the time Plaintiff clocks out. Although Plaintiff clocked in and out, he was only paid straight time for all hours worked. Plaintiff regularly worked forty-five (45) to fifty (50) hours per week.

11. From October 2013 to August 2015, Plaintiff was compensated on an hourly basis at the hourly rate of $10.00 per hour. For this time period, he is owed an additional $5.00 for all hours worked in excess of forty (40) hours per week. From August 2015 to August 2016, Plaintiff was compensated on an hourly basis at the rate of $12.50 per hour. For this time period, he is owed an additional $6.25 for all hours worked in excess of forty (40) hours per week.

12. Despite not receiving proper overtime compensation, Plaintiff recorded the hours he worked on a daily basis.

13. At all times during this time period, Defendants were aware that Plaintiff continued to work in excess of forty (40) hours per week on a regular basis because he was physically present and was required to clock in and clock out each day.

14. On or about April 11, 2016, upon information and belief, Defendant Jatin Kumar sold Metro Cab to Ravi Patel.

15. At this juncture, Plaintiff estimates that he has been deprived of overtime compensation of at least $3,926.00 during the relevant time period.

16. As a result of its actions and the conduct described above, Defendants have violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 207(a)(1), with respect to Plaintiff. Thus, Plaintiff suffered a loss of wages.

17. Additionally, Defendants were well aware that they was required to pay Plaintiff overtime, evidenced by the fact that Defendants maintained time records and regularly scheduled Plaintiff to work in excess of forty (40) hours per week.

18. The foregoing conduct on the part of Defendants constitute a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that its compensation practices were in violation of federal law.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff in this action demands:

1. Judgment against Defendants for an amount equal to unpaid back wages at the applicable overtime rates;

2. Judgment against Defendants that its violations of the FLSA were willful;

3. An equal amount to the overtime damages as liquidated damages;

4. All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

5. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

6. Leave to amend to add other defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d);

7. An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and,

8. For all such further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ William B. Ryan
William B. Ryan – TN Bar #20269
Janelle C. Osowski – TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
billy@donatilawfirm.com

ATTORNEYS FOR PLAINTIFF

Dated: 1.30.17